Regina LEWIS, Plaintiff–Appellant,

v.

NISSAN NORTH AMERICA, INC., CORP., Cross–Defendant–Appellee,

Newburgh Nissan Car Dealership, Sebastian D'Amico, William Birmingham, Nelson Demeleo, George Harte, Cross–Claim–Defendant–Appellee,

Nissan Motor Acceptance Corp., David Innurago, John Breneger, Cross–Defendant–Appellee,

Joseph DiRaffaele, Cross–Claim–Defendant–Appellee.

No. 05–4629–cv.

United States Court of Appeals, Second Circuit.

June 20, 2006.

Regina Lewis, pro se, Newburgh, NY, for Appellant.

William H. Grae, Goldberg & Associates, New York, NY, for Cross–Defendants–Appellees.

John F. Moore, Ryan & Smallacombe, PLLC, New York, NY, for Cross–Claim–Defendants–Appellees.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Regina Lewis appeals *pro se* from a July 14, 2005 order of the District Court, *Lewis v. Nissan North America, Inc.,* 2005 WL 1652924, 2005 U.S. Dist. LEXIS 14037 (S.D.N.Y.2005), which adopted a Report and Recommendation by Magistrate Judge Theodore H. Katz and granted defendants' motion for summary judgment dismissing the plaintiff's complaint. Plaintiff initially raised claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.,* the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.,* and the New York State Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.,* as well as common-law claims of false arrest, conspiracy to defraud, medical malpractice, malicious prosecution, and defamation, alleging that she was misled with regard to the purchase of an automobile.

We have reviewed the record and relevant case law and conclude, substantially for the reasons set forth in the magistrate judge's careful and comprehensive Report and Recommendation, that the District Court committed no error.

Accordingly, the judgment of the District Court is **AFFIRMED.**